IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01465-BNB

ALLAN V. EVANS,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,
JEFFERSON COUNTY CHILD SUPPORT ENFORCEMENT, State of Colorado,
STEPHANIE SIMPSON, Jefferson County Child Support Enforcement, State of CO,
and
STATE OF COLORADO,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 0 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Allan E. Evans filed a *pro se* Complaint on June 12, 2009. Magistrate Judge Boyd N. Boland directed Plaintiff to cure certain deficiencies in his Complaint on June 23, 2009, and Plaintiff filed an Amended *pro se* Complaint on July 6, 2009. Magistrate Judge Boland granted Mr. Evans leave to proceed pursuant to 28 U.S.C. § 1915 on July 8, 2009.

The Court must construe the Amended Complaint liberally because Mr. Evans is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

1

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons set forth below, the Amended Complaint and the action will be dismissed.

Plaintiff brings this action pursuant to 42 U.S.C. § 666, a section of the Child Support Enforcement Act, 42 U.S.C. § 651 *et seq.*, and 15 U.S.C. § 1673, a section of the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.* Plaintiff alleges that Jefferson County District Court issued a child support order against him in the amount of $528.40 per month on August 25, 2008. Plaintiff asserts that on June 8, 2009, he received two letters from the Social Security Administration (SSA) notifying him that a garnishment in the amount of the child support payment had been taken from his SSA disability benefits. Plaintiff argues that Defendant Jefferson County Child Support Enforcement Unit did not give him proper notice, nor a copy of the garnishment order, prior to garnishing his Social Security disability benefits to satisfy his past and present child support payments. He further disputes the amount to be garnished from his SSDI benefits on the grounds that he does not have any disposable income, and that supporting his wife should constitute support of a second family under the law. Mr. Evans requests damages and costs, in addition to injunctive relief.

Plaintiff first sues the Social Security Administration. The United States may only be sued if it consents. *United States v. Dalm*, 494 U.S. 596, 608 (1990). "Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Fostvedt v. United*

2

*States*, 978 F.2d 1201, 1202 (10th Cir. 1992).  Plaintiff does not point to a specific

provision waiving sovereign immunity for suits like his, and 42 U.S.C. § 666 creates no

private right of action.  In some limited circumstances, as provided in the Child Support

Enforcement Act, 42 U.S.C. § § 652(a)(8) & 660, a federal court may consider a

challenge to a state court garnishment order for alimony or child support.  However,

these circumstances exist only where the Secretary of Health and Human Services has

certified the action under 42 U.S.C. § 652(a)(8).  Through such certification, the

Secretary may permit a state to enforce court orders for support against non-custodial

parents in a federal court.  But certification by the Secretary is limited to suits by a

federal agency and certification may not be granted to a private individual.  ***Hexamer v.

Foreness***, 981 F.2d 821, 824 (5th Cir. 1993).  Plaintiff's suit is not within the limited

scope of this waiver of sovereign immunity.  Further, Section 659(a) creates neither a

federal right to garnishment nor any federal jurisdiction over garnishment proceedings.

The statute simply authorizes federal agencies to honor state court garnishment orders

providing for payment of child support and alimony.  ***See, e.g., Loftin v. Rush***, 767

F.2d 800, 809 (11th Cir. 1985).

Plaintiff also refers to 15 U.S.C. § 1673, a section of the Consumer Credit

Protection Act, 15 U.S.C. § 1601 ***et seq***.  Section 1673 places various restrictions on

the type and amount of properties that can be garnished by the federal government.

***See*** 15 U.S.C. § 1673.  However, 15 U.S.C. § 1673 does not contemplate a private

right of action by an individual debtor.  Instead, 15 U.S.C. § 1676 states: "The Secretary

of Labor, acting through the Wage and Hour Division of the Department of Labor, shall

3

enforce the provisions of this subchapter." In addition to the plain language of Section 1676, courts have rejected attempts by judgment debtors to imply a private right of action under 15 U.S.C. § 1673. *See, e.g., Martin v. Supreme Court of the State of New York*, 644 F.Supp. 1537, 1543 (N.D.N.Y. 1986); *McCabe v. City of Eureka*, 664 F.2d 680, 682 (8th Cir. 1981).

Plaintiff is not without a remedy, as the state courts retain authority to adjudicate challenges to the lawfulness of an underlying garnishment order, even when federal benefits are involved. *See Millard v. United States*, 916 F.2d 1, 3 (Fed. Cir. 1990) (finding that garnishment is a statutory remedy governed by state law). However, this court is not the proper forum to contest either the validity of the garnishment order, or the state agency's actions in enforcing it.

Plaintiff also sues the State of Colorado. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994) (citations omitted). Eleventh Amendment immunity applies "whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). There is no indication, and Plaintiff has not alleged, that the State of Colorado has waived its Eleventh Amendment immunity. Therefore, as to Plaintiff's claim for damages, the State of Colorado is immune from suit.

4

Finally, even if the above Defendants were not immune from suit, Plaintiff's Complaint suffers from another deficiency. Pursuant to Rule 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Evans is asking the Court to review a child support order and garnishment entered by the State of Colorado. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy* , 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district

5

court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997). Here, Mr. Evans raises arguments that should have been raised in a state court proceeding and that essentially seek review of a state court judgment by the federal court. As Mr. Evans' claims seek reversal of a state court judgment, they are properly dismissed under the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

6

ORDERED that the Complaint, Amended Complaint and action are dismissed without prejudice.

DATED at Denver, Colorado, this 2 0 day of _____ Aug. _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01465-BNB

Allan V. Evans
5081 Garrison Street #6
Wheat Ridge, CO 80033-6796

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to
the above-named individuals on 8/20/09

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk